OPINION
{¶ 1} This is an appeal from the decision of the Licking County Court of Common Pleas, Division of Domestic Relations granting grandparent visitation rights.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The facts indicate that Appellant was divorced from Jeremy Lobdell in 1999 after the birth of Jessica and Ryan Lobdell.
{¶ 3} Appellant, in 1999, obtained a five-year civil protection order against Jeremy Lobdell.
{¶ 4} Appellant began a relationship with Michael Moyer in 1999.
{¶ 5} Appellant gave permission for the children to see Appellees Jerry and Coral Thorsen step-grandfather and grandmother of the children at various times between 1993 and 2001.
{¶ 6} Appellant's testimony is that contrary to her wishes, Appellees saw the children at their day care.
{¶ 7} Visitation matters deteriorated thereafter and Appellant then decided that it was not in the best interests of the children for further visits with Appellees.
{¶ 8} Appellees filed a motion for visitation on October 24, 2003.
{¶ 9} A magistrate heard the evidence and granted the motion.
{¶ 10} Both Appellant and Appellees objected to such decision.
{¶ 11} The Court adopted the magistrate's ruling with modifications.
{¶ 12} The following Assignment of Error is raised by Appellant:
 ASSIGNMENT OF ERROR
{¶ 13} "I. The trial court's decision granting appellees grandparent visitation rights was contrary to law, constituted an abuse of discretion and is against the manifest weight of the evidence."
{¶ 14} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 15} In reviewing the records to a manifest weight of the evidence standard, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380.
{¶ 16} Under R.C. 3109.051(B)(2), a motion for grandparent companionship or visitation rights may be filed at any time after a decree or final order has been issued.
{¶ 17} Such statute, Section (B)(1) relative to granting such motion requires that all of the following must be found:
{¶ 18} "(a) The grandparent, relative or other person files a motion with the court seeking companionship or visitation rights.
{¶ 19} "(b) The court determines that the grandparent, relative or other person has an interest in the welfare of the child.
{¶ 20} "(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child."
{¶ 21} Superimposed upon the requirements of this statute were Constitutionally protected parental rights stated by the United States Supreme Court in Troxel v. Granville (2000),530 U.S. 57, and previously referenced by this Court in Vitcusky v.Vitcusky (Oct. 15, 2003), Richard App. No. 2002CA083, 2003-Ohio-5486:
{¶ 22} "The United States Supreme Court concluded that `the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children'. Resting on this principle, the Court held in the absence of an allegation of parental unfitness, the presumption that fit custodial parents act in the best interests of their children must be applied, and the parents' determination of their child's best interest must be afforded special weight."
{¶ 23} See also, Epps v. Epps (Aug. 9, 2001), Ashland App. 01COA01403 and Fischer v. Wright, Coshocton App. Nos. 00-CA-028, 01-CA-003, 2001-Ohio-1900.
{¶ 24} After reviewing all of the evidence in extensive detail, Judge Steiner stated in his opinion in part:
{¶ 25} "This Court has given special ight to the plaintiff's decisions as a parent but determines that her decisions are over-reactive to the Thorsen's actions as an attempt to infringe upon her parental rights and responsibilities.
{¶ 26} "This Court, as noted, deems it to be in the best interests of the children (after giving special consideration to plaintiff's position) to establish contact for the Thorsens with the children."
{¶ 27} We find that the record supports the Judge's conclusions and that no abuse of discretion occurred and that the argument of lack of manifest weight as to the evidence is not well taken.
{¶ 28} The Assignment of Error is rejected.
{¶ 29} This cause is affirmed and costs to Appellant.
Boggins, J. and Hoffman, P.J. concur.
Edwards, J. dissents.